IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

REGINALD DEKEITH MIMS,

                    Plaintiff

        VS.                      NO. 5:08-CV-203 (HL)

LINDA A. FARR and,
RUSSELL ANDERSON,          **PROCEEDINGS UNDER 42 U.S.C. §1983**
                                            **BEFORE THE U. S. MAGISTRATE JUDGE**

                    Defendants

## ORDER AND RECOMMENDATION

Plaintiff REGINALD DEKIETH MIMS has filed the above-captioned lawsuit pursuant to 42 U.S.C. §1983. With regard to defendant Russell Anderson, the court reporter in plaintiff's criminal trial, plaintiff alleges that Anderson negligently failed to attach the state's exhibits to the trial transcript prior to its transmission to the Court of Appeals. With regard to defendant Linda A. Farr, the court reporter in plaintiff's state habeas proceedings, the plaintiff alleges that defendant Farr (1) failed to timely prepare and file a transcript of his state habeas hearing, (2) filed a transcript containing errors, and (3) failed to inform the state Court of Appeals of the errors contained in the transcript. According to plaintiff Mims, these collective actions by the defendants have caused him to be denied a full and fair appeal. He seeks an order vacating the state court's rulings and granting him a new trial as well as an award of nominal damages, unspecified punitive damages, and $80,000 in compensatory damages associated with his appeal from the denial of his petition for writ of habeas corpus.

The defendants have each filed motions seeking to have the action dismissed, noting that claims brought under 42 U.S.C. §1983 which necessarily implicate the validity of a conviction, such as the instant claims, are barred by the standards set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).[1] Tab #16 and Tab #18. Plaintiff has filed a response to the defendants' motions. Tab #26.

## LEGAL STANDARD

It is well established that a § 1983 plaintiff may not raise a claim that, if correct, would necessarily imply the invalidity of a state conviction or sentence unless and until that conviction or sentence has been set aside. *See Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Such claims are not cognizable under § 1983 and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.; see also Preiser v. Rodriguez*, 411 U.S. 475, 488-90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (habeas corpus proceeding, not §1983, is appropriate remedy for a state prisoner to attack the validity or length of his sentence).

## DISCUSSION

In the case at bar, it is clear that plaintiff Mims is actually seeking habeas corpus relief, inasmuch as his claims address his state criminal and habeas corpus proceedings as well as his appellate rights. Such claims are not properly brought under §1983 unless and until the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. See *Heck*, 512 U.S. at 486-87, 114 S.Ct. 2364. Given that Mims's conviction has not been overturned or declared invalid, his §1983 claims should be **DISMISSED**.

---

[1] Furthermore, the defendants also note that §1983 claims cannot be founded on mere negligence. *Daniels v. Williams*, 474 U.S. 327, 330, 106 S. Ct. 662 (1986).

Accordingly, **IT IS RECOMMENDED** that the defendants' motions seeking dismissal be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

Also pending before the court are the following motions: **(1)** plaintiff's MOTION FOR PRELIMINARY INJUNCTION AND FOR RECONSIDERATION (Tab #12) of the court's ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (Tab #6), **(2)** defendant Anderson's MOTION TO STAY DISCOVERY (Tab #19) pending a decision on his MOTION TO DISMISS (Tab #18), **(3)** defendant Farr's MOTION TO STAY DISCOVERY (Tab #22) pending a decision on her MOTION TO DISMISS (Tab #16), and **(4 and 5)** plaintiff's two MOTIONS TO COMPEL.  (Tab #23 & Tab #25).  In view of the above RECOMMENDATION, the remaining motions are hereby **DENIED** as **MOOT**.

**SO ORDERED** and **RECOMMENDED** this 6th day of October, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE